Campbell, Chief Justice,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff sues to recover the value of service rendered diming several years in delivering the mails to and from the *43 railroad station, and post office at Warren, Ind. This was an intermediate station, on a regularly established postal route, where the distance between the station and post office was more than 80 rods. The “ distance circular ” sent by the department to the plaintiff and the regulations provided among other things:
“ The department will provide for the carriage of mails to and from intermediate post offices and postal stations located more than 80 rods from the nearest railroad station; and also to and from intermediate post offices and postal stations located 80 rods or less from the railroad station when the railroad company has no agent or other representative employed at such station.”
The post office at Warren had been for some years more than 80 rods from the railroad station and the handling of the mails at that point had been provided for by the department, but there was a change in its location in the early part of 1905 which put it slightly more than 80 rods from the station, unless measured by a route which is not shown to have been open to public travel. The question as to a probable change in transportation was brought to the attention of the Post Office Department by a letter, dated January 4, 1905, in which the person who had been carrying the mails for the department stated that the new location was within the 80-rod limit. This letter was referred to' the postmaster at Warren, who reported that the new post office would be within 80 rods of the railroad station.
Thereupon, on January 20, 1905, the Second Assistant Postmaster General notified the plaintiff’s general manager that an order had been issued discontinuing “ the mail messenger service ” between the trains and post office at Warren from January 81, 1905, and stated:
“This order is based upon a report that the distance between the post office and the station * * * is not over 80 rods.
“ If this report be correct, it is the duty of your company to provide for the carriage of the mails between the post office and your trains, and it will be expected to provide for such service from the above-mentioned date.”
Without further question the plaintiff provided for transferring the mails until September, 1909, when an accurate *44 measurement was made, which determined the distance between the station and post office at Warren to be over 80 rods. Taking the distance from the rear of the post office, and over some private property, there is no question that the route was under 80 rods; nor is there any doubt that the correct measurement along the way open to the public made the distance slightly more than 80 rods. The Post Office Department’s information, upon which it acted, was that the distance was under 80 rods, and if that was correct, the obligation was upon the railroad. .
The effect of the letter discontinuing the mail messenger service was to authorize the railroad to carry the mail between the station and post office, though predicated upon a measurement which afterwards developed to be incorrect. The department notified the plaintiff, in substance, that the mail messenger service was discontinued because the station was not more than 80 rods from the post office. It is true that in placing the obligation upon the railroad to carry the mails the department’s letter stated that that obligation would be upon the railroad if the “ report ” was correct as to the distance, but it seems clear that the department contemplated that the plaintiff could act upon the department’s information, at least until it should be found to be incorrect. That information was sufficient in the department’s judgment to authorize a discontinuance of the “ mail messenger service,” and the letter apprised the plaintiff that it would be expected to provide for such service. In other words, the court is of opinion that there was a sufficient “ authorization ” by the department that the company carry the mail between said points, though based upon a mistake of fact as to the distance. The department readily corrected the matter when the correct measurements were made, and the service having been authorized we think the plaintiff should be paid the reasonable value thereof, the amount of which is shown by the findings.
Judgment will be rendered for the plaintiff company in the sum of $570.27.
Graham, Judge, Hay, Judge, DowNey, Judge, and Booth, Judge, concur.